Filed 2/28/22  P. v. Thomas CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | B306983 |
| Plaintiff and Respondent, | Los Angeles County |
| v. | Super. Ct. No. BA417741 |
| MARKELL THOMAS, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Stephen A. Marcus, Judge. Reversed and remanded with directions.

Elizabeth K. Horowitz, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Idan Ivri, Amanda V. Lopez and J. Michael Lehmann, Deputy Attorneys General, for Plaintiff and Respondent.

# INTRODUCTION

In 2014, defendant Markell Thomas and a codefendant were charged with murder, attempted murder, and 11 counts of robbery, with gang and gun enhancements. The following year, after agreeing to testify against his codefendant, Thomas pled guilty to one count of manslaughter and two counts of robbery. In 2019, after the Legislature amended the law of accomplice liability for felony murder, Thomas petitioned for recall and resentencing under Penal Code section 1170.95. The trial court denied the petition because section 1170.95 applied only to defendants convicted of murder. While Thomas's appeal was pending, however, the Legislature passed Senate Bill No. 775 (2020–2021 Reg. Sess.) (S.B. 775), which amended section 1170.95 to apply to defendants, like Thomas, who had been *charged* with murder or attempted murder but *convicted* of manslaughter. The People concede, and we agree, that Thomas may be eligible for relief under the amended statute. We therefore reverse and remand for further proceedings.

# BACKGROUND[1]

By information filed December 31, 2014, Thomas and codefendant Ryan Cetris Michael Roth were charged with murder (Pen. Code,[2] § 187, subd. (a); count 1); attempted murder (§ 664/187, count 2); and 11 counts of robbery (§ 211; counts 3–13). As to count 1, the information alleged that the murder was committed in the commission of a robbery (§ 190.2, subd. (a)(17)).

---

[1] Because the facts of this case are unnecessary to our resolution of this appeal, we do not address them.

[2] All undesignated statutory references are to the Penal Code.

The information also alleged, as to counts 1–4 and 6–10, that the crimes were committed for the benefit of a criminal street gang (§ 186.22, subds. (b)(5) & (b)(1)(C)) and, as to counts 1–7 and 11–13, alleged various firearm enhancements (§§ 12022.53, subds. (b), (c), (d) & (e), 12022, subd. (a)(1)).

On July 8, 2015, pursuant to a plea agreement, Thomas pled guilty to one count of voluntary manslaughter (§ 192) and two counts of robbery (§ 211). For all three counts, Thomas admitted personally using a firearm (§ 12022.5, subd. (a)) and committing the crime for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)(C)). On May 26, 2016, after complying with his leniency agreement by testifying against Roth, Thomas was sentenced to an aggregate term of 26 years in prison: six years for the manslaughter count plus 10 years for the gun enhancement and 10 years for the gang enhancement, to run consecutively. The court imposed 13 years for each of the robbery counts, to run concurrently.

On January 31, 2019, Thomas filed a petition for recall and resentencing under section 1170.95 stating he had been charged with murder under a theory of felony murder, pled guilty to first or second degree murder in lieu of going to trial because he believed he could be convicted of felony murder,[3] and could not be convicted of murder under present law because he was not the actual killer, a direct aider and abettor, or a major participant who acted with reckless indifference to human life, as described in section 190.2, subdivision (d). At Thomas's request, the court

---

[3] Because Thomas filled out a standardized form before section 1170.95 was amended, there was no option for him to check a box stating that he pled guilty to manslaughter.

appointed counsel to represent him; the prosecution filed an opposition; and Thomas filed a reply and a supplemental brief.

On August 4, 2020, the court denied the petition, holding that Thomas had failed to set forth a prima facie case for relief. Specifically, the court held that Thomas was not eligible for resentencing because he had not been convicted of murder:

> The court finds that petitioner is ineligible for recall and resentencing pursuant to Penal Code 1170.95 because he pled guilty to manslaughter.
>
> The plain language of Penal Code 1170.95 makes it clear it only applies to defendants convicted of first and second degree murder. For example, subdivision (a)(1) of section 1170.95 allows "a person convicted of felony murder or murder under a natural and probable consequence theory" to file a petition to have his murder conviction vacated and to be resentenced on any remaining counts.
>
> The appellate courts which have considered the issue of whether a person convicted of manslaughter can obtain relief under Penal Code 1170.95 have all denied relief. *People v. Cervantes* (2020) 44 Cal.App.5th 884, *People v. Turner* (2020) 45 Cal.App.5th 428, *People v. Paige* (2020) 51 Cal.App.5th 194.
>
> In the *Turner* decision, the appellate court reviewed the legislative history of Penal Code 1170.95 and determined the Legislature was focused on changing accomplice liability in murder cases. The *Turner* court also emphasized that the Legislature

4

understood the distinction between murder and manslaughter and chose to focus its efforts on revising accomplice liability under a felony murder or natural and probable consequence theory.

This legislative history confirms that a defendant like petitioner who pled guilty to manslaughter is not eligible under Penal Code 1170.95. In *People v. Cervantes*, the appellate court also rejected the claim that Penal Code 1170.95 violates the equal protection clause. The court in *Cervantes* held that "the decision not to include manslaughter in section 1170.95 falls within the Legislature's 'line-drawing' authority as a rational choice that is not constitutionally prohibited. (*People v. Chatman* (2018) 4 Cal.5th 277, 283.)"

This court recognizes the Legislature has broad discretion in drafting laws and that its decision not to include manslaughter within Penal Code 1170.95 is a proper exercise of that discretion.

Based on the foregoing reasons, the court summarily denies the Penal Code 1170.95 petition and finds that petitioner has not made a prima facie showing that manslaughter falls within the provisions of Penal Code 1170.95.

The petition is denied.

Thomas filed a timely notice of appeal.

5

## DISCUSSION

Thomas contends that based on the amendments S.B. 775 made to section 1170.95, the court erred by finding him ineligible for relief. The People concede the point, and we agree.

### 1.    The Law of Murder and Senate Bill No. 1437

Murder is "the unlawful killing of a human being … with malice aforethought." (§ 187, subd. (a).) Malice may be express or implied. (§ 188.) Express malice is the intent to kill, whereas implied malice exists "where the defendant … acted with conscious disregard that the natural and probable consequences of [his or her] act or actions were dangerous to human life. [Citation.]" (*People v. Gonzalez* (2018) 5 Cal.5th 186, 197.) Although malice is an element of murder, when Thomas was convicted, the law allowed defendants who did not act with malice to be liable for murder under certain circumstances.

"First, under the natural and probable consequence[s] doctrine, a defendant who aids and abets a confederate in committing a crime (the target offense) is liable for other crimes committed by the confederate if those further crimes were natural and probable consequences of the target offense. [Citation.] Thus, under prior law, if the direct perpetrator of the target offense committed murder, and the murder was a natural and probable consequence of the target offense, then an aider and abettor of the target offense would be liable for the murder even if the aider and abettor did not act with malice. (*People v. Gentile* (2020) 10 Cal.5th 830, 845 ['until recently, when a person aided and abetted a nonhomicide crime that then resulted in a murder, the natural and probable consequences doctrine allowed him or her to be convicted of murder without personally possessing

malice aforethought'].)" (*People v. Eynon* (2021) 68 Cal.App.5th 967, 973 (*Eynon*).)

Second, under prior California law, every accomplice to an enumerated felony could be convicted of first degree murder if a death occurred during the commission of that felony—regardless of whether the accused killed or intended to kill. (See *People v. Dillon* (1983) 34 Cal.3d 441, 462–472.)

Senate Bill No. 1437 (S.B. 1437) was enacted to "amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f); *People v. Lewis* (2021) 11 Cal.5th 952, 959 (*Lewis*).) It accomplished this " 'by amending sections 188 and 189 to restrict the scope of first degree felony murder and to eliminate murder liability based on the natural and probable consequences doctrine. (Stats. 2018, ch. 1015, §§ 2–3.)' [Citation.]

"Amended section 188 provides that, except for first degree felony murder, 'in order to be convicted of murder, a principal in a crime shall act with malice aforethought. Malice shall not be imputed to a person based solely on his or her participation in a crime.' (§ 188, subd. (a)(3).) The requirement that the principal act with malice eliminates all murder liability under the natural and probable consequences doctrine. [Citation.]

"Amended section 189 limits the first degree felony-murder rule by imposing new requirements for its application. The statute provides that, unless the victim is a peace officer killed in the line of duty, a defendant cannot be liable for first degree

7

felony murder unless the defendant was the actual killer, acted with intent to kill, or was a major participant in the underlying felony and acted with reckless indifference to human life. [Citations.]" (*Eynon, supra,* 68 Cal.App.5th at pp. 973–974.)

## 2. Section 1170.95

In addition to changing the law of murder prospectively, S.B. 1437 gave people who had been convicted under one of the now-invalid theories of murder the opportunity to petition for resentencing under newly-enacted section 1170.95. (Stats. 2018, ch. 1015, § 4.) As enacted, section 1170.95 applied only to people convicted of murder, but on October 5, 2021, the Governor signed S.B. 775, which expanded eligibility under the statute to people, like Thomas, who had been charged with either murder or attempted murder but convicted of manslaughter. (Stats. 2021, ch. 551, § 2.)[4]

Section 1170.95, subdivision (a)(3), describes who may petition for resentencing under the statute. Subdivision (b) explains what information the petition must contain, where the petitioner must file it, who the petitioner must serve, and what the court should do if it's incomplete. Subdivision (c) describes the process the court uses to determine whether the petitioner is entitled to an evidentiary hearing: Appoint counsel, if requested; wait for the prosecutor's required response and the petitioner's optional reply; if the petitioner makes a prima facie showing that he or she is entitled to relief, issue an order to show cause. (*Lewis, supra,* 11 Cal.5th at p. 966.)

---

[4] The parties agree that the amendments made by S.B. 775, which took effect on January 1, 2022, apply retroactively to this case. (See, e.g., *People v. Montes* (2021) 71 Cal.App.5th 1001, 1006.)

8

As relevant here, under section 1170.95, as amended by S.B. 775, a petitioner makes a prima facie showing that he is entitled to relief by demonstrating:

> (1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of murder under the natural and probable consequences doctrine or attempted murder under the natural and probable consequences doctrine.

> (2) The petitioner was convicted of manslaughter following a trial or accepted plea offer in lieu of a trial at which the petitioner could have been convicted of murder or attempted murder.

> (3) The petitioner could not presently be convicted of murder or attempted murder because of changes to Section 188 or 189 made effective January 1, 2019.

(§ 1170.95, subd. (a); Stats. 2021, ch. 551, § 2.)

"While the trial court may look at the record of conviction after the appointment of counsel to determine whether a petitioner has made a prima facie case for section 1170.95 relief, the prima facie inquiry under subdivision (c) is limited." (*Lewis*, *supra*, 11 Cal.5th at p. 971.) The court may deny a petition at this stage only if the petitioner is ineligible for relief as a matter of law. A petitioner is ineligible for relief as matter of law if the record of conviction shows that he or she could not have been convicted under any theory of liability affected by S.B. 1437—such as where malice aforethought was the only theory presented to the jury.

9

"In reviewing any part of the record of conviction at this preliminary juncture, a trial court should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.' [Citation.]" (*Lewis, supra*, 11 Cal.5th at p. 972.) Instead, the record should be consulted at the prima facie stage only to determine " 'readily ascertainable facts,' " such as the crime of conviction and findings on enhancements. (*People v. Duchine* (2021) 60 Cal.App.5th 798, 815; *Lewis*, at p. 972.) " '[T]he prima facie bar was intentionally and correctly set very low.' " (*Lewis*, at p. 972.)

If the petitioner establishes a prima facie entitlement to relief, the court must issue an order to show cause. Subdivisions (d)–(g) describe the procedures for holding an evidentiary hearing, the type of evidence that may be admitted, the burden of proof, and the requirements for resentencing an eligible petitioner.

We independently review the trial court's determination that Thomas's record of conviction refuted his allegations that he is eligible for relief under section 1170.95. (See *Eynon, supra*, 68 Cal.App.5th at p. 975.)

### 3. Because S.B. 775 expanded section 1170.95, Thomas may now be eligible for relief.

Here, Thomas was charged with murder and attempted murder. He pled guilty to manslaughter in lieu of going to trial on those charges. As the People acknowledge, "the record presently before this Court does not contain evidence showing as a matter of law that [Thomas] admitted to a factual basis establishing that he personally acted with malice, or to any facts that conclusively establish liability under a felony murder theory.

10

[Citation.] Accordingly, the record does not show that [Thomas] is ineligible as a matter of law. [Citation.]"

To be sure, when the court below ruled on Thomas's petition, the appellate courts had uniformly held that section 1170.95 did not apply to defendants convicted of manslaughter. Thus, in the proceedings below, the court concluded Thomas had not made a prima facie showing for relief because he had not been not convicted of murder. Likewise, the prosecution's brief focused only on whether section 1170.95 applied to petitioners convicted of manslaughter. But that is no longer the law.

Now that the law has now changed, and in light of the trial court's summary denial of Thomas's petition on the grounds he was not convicted of murder, remand is appropriate to allow the court to hold a hearing to determine whether Thomas has made a prima facie case for relief under amended section 1170.95. "If [Thomas] makes a prima facie showing that [he] is entitled to relief, the court shall issue an order to show cause. If the court declines to make an order to show cause, it shall provide a statement fully setting forth its reasons for doing so." (§ 1170.95, subd. (c).) In the event the court issues an order to show cause, the court shall conduct further proceedings in accordance with section 1170.95, subdivision (d), as amended.

## DISPOSITION

The order denying Thomas's section 1170.95 petition is reversed and the matter is remanded with directions to conduct new eligibility proceedings under section 1170.95, subdivision (c). If the court concludes the record of conviction does not establish Thomas's ineligibility as a matter of law, the court shall issue an order to show cause and proceed with a hearing at which the parties may present evidence and the court acts as the trier of fact. (§ 1170.95, subds. (c)–(d).)


**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


LAVIN, J.

WE CONCUR:


EDMON, P. J.


EGERTON, J.


12